UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ISAIAH QN BUTLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00245-LEW |
| | ) | |
| MYRA GAGNON, et al. | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff, who is in custody at the Kennebec County Correctional Facility, filed a complaint against three jail employees. (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 2), which application the Court granted. (Order, ECF No. 3.) In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

#### FACTUAL ALLEGATIONS

Plaintiff alleges that he did not receive envelopes upon request on three occasions. (Compliant at 3.) According to Plaintiff, he filed a grievance on March 13, 2025, on the issue. (*Id.*) The next day, Defendant Gagnon stated that Plaintiff would be provided blank envelopes with postage stamps. (*Id.*) Plaintiff asserts the envelopes that were provided were not stamped and did not comply with the mail policies or requirements. (*Id.* at 2.) In a supplemental filing, Plaintiff alleges that he has received some mail from the court "later than usually." (Attachment at 3, ECF No. 9.) Although Plaintiff asserts that "the flow of mail stopped" after he filed an amended complaint in July a civil action involving the jail, he does not identify the mail that he should have received. (*Id*. at 4.)

#### STANDARD OF REVIEW

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated

2

and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim", *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

Individuals in custody have "a right to send mail, whether or not the mail is addressed to a legal or a non-legal recipient . . ." *Anctil v. Fitzpatrick*, No. 1:16-cv-00107-

3

JAW, 2018 WL 6579153, at *11 (D. Me. Dec. 13, 2018) (citing *Thornburgh v. Abbot*, 490 U.S. 401, 411–12 (1989)).  In addition, it is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, "[t]he constitutionally-protected right of access to the courts is narrow in scope." *Boivin v. Black*, 225 F.3d 36, 42 (1st Cir. 2000).  "The right of access to the courts, in the context of prisoners, is addressed only to a prisoner's right to attack his conviction and his right to challenge the conditions of his confinement." *Riva v. Brasseur*, No. 15-2554, 2016 WL 9650983, at *1 (1st Cir. Sept. 12, 2016).

Plaintiff's allegations that the envelopes are in some way deficient, that he received mail from the court "later than usually," and that mail stopped at a certain point (without any assertion as to the mail that was allegedly not provided to him) are insufficient to support a claim, including any claim based on a violation of Plaintiff's right of access to the courts.  That is, without an assertion that specific mail has not been provided or that he has been prevented from filing materials with the court, and that the actions have interfered with Plaintiff's ability to access the courts, Plaintiff's complaint does not support a claim. "Nothing in the [filings] indicates that [Plaintiff's] access to the courts has not been adequate or meaningful." *Dupont v. Dubois*, 99 F.3d 1128 (1st Cir. 1996).  Accordingly, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

4

## NOTICE

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

      /s/ John C. Nivison
      U.S. Magistrate Judge

Dated this 22nd day of August, 2025.